IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**HD**

Rcv'd by:_____

NADIA BROWN-HYATT,
Plaintiff,

USDC- BALTIMORE
'25 JUN 2 PM 12:45

Civil Action No. **SAG 25 CV 1737**

ANDREW J. BRENNER, et al.,
TH MSR HOLDINGS, LLC,
FAIRWAY INDEPENDENT MORTGAGE CORPORATION,
BWW LAW GROUP, LLC,
HON. MICHAEL A. DiPIETRO, in his official capacity,
Defendants.

---

COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND CONSTITUTIONAL RELIEF

*(Pursuant to 42 U.S.C. § 1983; Article III of the U.S. Constitution; and the Fourteenth Amendment)*

Preliminary Statement
This Complaint challenges the constitutional legitimacy of a foreclosure sale that was carried out without standing, without authentication of the underlying debt, and without subject matter jurisdiction. It asserts that the resulting deprivation of property occurred absent judicial authority, in violation of due process, and without the procedural and constitutional safeguards that the law requires.

I. INTRODUCTION

1.  Plaintiff Nadia Brown-Hyatt brings this civil rights action pursuant to 42 U.S.C. § 1983 to redress violations of her constitutional rights stemming from a foreclosure proceeding carried out under color of state law—without Article III standing, without adjudicated jurisdiction, and without due process of law.

2.  On May 29, 2025, Plaintiff's home was sold through a foreclosure auction in which the foreclosing parties never proved ownership or lawful negotiation of the promissory note. No court adjudicated these dispositive jurisdictional defects before authorizing the sale.

3.  Defendants—private parties acting under color of Maryland law, and a state court judge acting in an official capacity—deprived Plaintiff of a protected property interest without an Article III case or controversy, and without procedural due process as required by the Fourteenth Amendment.

4. This action seeks to redress a final, constitutionally void deprivation of property under color of state law. The foreclosure occurred without any judicial ruling on the foreclosing parties' standing or lawful possession of the note. Without such a ruling, no legitimate authority existed to effect a sale, and all consequences thereof are null under federal law

5. This action does not challenge an ongoing state proceeding. The foreclosure is complete and the injury is final and redressable. **Younger abstention does not apply.**

II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to:

   - **28 U.S.C. § 1331**, as this action presents federal questions arising under the Constitution and laws of the United States;
   - **28 U.S.C. § 1343(a)(3)**, as it seeks to redress the deprivation of rights secured by the Constitution through an action brought under **42 U.S.C. § 1983**.

7. Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202.

8. Venue is proper in this judicial district under **28 U.S.C. § 1391(b)(2)**, as the events giving rise to this claim occurred in Baltimore, Maryland.

III. PARTIES

9. **NADIA BROWN-HYATT** is a resident of Baltimore City, Maryland, and is the lawful titleholder to the property located at **3707 Liberty Heights Avenue**. She brings this action to redress the unconstitutional deprivation of her property interest, which occurred through a foreclosure proceeding that lacked standing, jurisdiction, and due process of law.

10. Defendants Andrew J. Brenner, Howard N. Bierman, Carrie M. Ward, Jacob Geesing, Nicholas Derdock, Philip Shriver, Richard R. Goldsmith, Jr., Elizabeth C. Jones, Eric Vandelinde, and Daniel Dreifuss, acting as alleged Substitute Trustees under color of state foreclosure law, initiated and executed the foreclosure sale on May 29, 2025, despite the absence of any adjudicated standing, jurisdiction, or evidentiary basis. These defendants are sued for their active role in carrying out a constitutionally defective foreclosure in violation of Plaintiff's due process rights.

11. Defendant TH MSR HOLDINGS, LLC purports to hold a beneficial interest in the deed of trust associated with Plaintiff's property. However, it has never produced admissible

evidence of lawful possession, negotiation, or endorsement of the underlying promissory note—an essential requirement for standing under both Maryland law and Article III of the U.S. Constitution. Despite this deficiency, TH MSR HOLDINGS, LLC executed and recorded an Appointment of Substitute Trustees to initiate foreclosure proceedings, relying solely on a security instrument severed from the debt it was intended to secure.

12. Defendant FAIRWAY INDEPENDENT MORTGAGE CORPORATION was the original named lender on the promissory note and deed of trust. Although not a foreclosing party, Fairway responded to a subpoena with a version of the promissory note that materially contradicted the documents submitted by TH MSR Holdings, LLC, thereby raising serious doubts about the legitimacy and standing of the foreclosing party.

13. Defendant BWW LAW GROUP, LLC, acted as legal counsel for TH MSR Holdings, LLC in the foreclosure proceeding. It is sued for filing unauthenticated, conflicting, and materially misleading documents in court to effectuate the foreclosure sale without lawful basis or standing.

14. Defendant HON. MICHAEL A. DIPIETRO is a Maryland circuit court judge. He is sued solely in his official capacity for declaratory and injunctive relief. Despite being presented with dispositive motions challenging subject matter jurisdiction and standing, Judge DiPietro allowed the foreclosure sale to proceed without adjudicating these constitutional threshold issues, resulting in a deprivation of rights under color of law.

---

IV. FACTUAL BACKGROUND

15. On February 4, 2025, TH MSR Holdings, LLC initiated a foreclosure in Baltimore Circuit Court through appointed Substitute Trustees and BWW Law Group.

16. On March 31, 2025, Plaintiff filed a Motion to Dismiss for Lack of Standing and Subject Matter Jurisdiction.

17. No opposition was filed in a timely manner. Plaintiff submitted a Notice of No Opposition on April 22, 2025, and an Emergency Motion for Immediate Ruling on May 16, 2025.

18. Despite being served nearly 60 days earlier, the court failed to rule until May 29, 2025—just 45 minutes before the foreclosure auction. The denial cited only the absence of a sworn affidavit and made no ruling on the Plaintiff's jurisdictional objections or the Article III standing claims. **(Exhibit E)**

19. At no time did any Defendant provide sworn, authenticated evidence demonstrating lawful possession, negotiation, or assignment of the original promissory note. No chain of title was ever presented to establish enforceable rights under Article III or Maryland law.

20. Although TH MSR Holdings, LLC submitted a pre-foreclosure affidavit through its servicer, RoundPoint Mortgage Servicing LLC, the affidavit failed to satisfy the constitutional threshold for standing. It identified the Federal National Mortgage Association (Fannie Mae) as the alleged owner of the note—not TH MSR. No evidence was provided demonstrating that TH MSR possessed or had been assigned the promissory note at any time. As a result, the affidavit failed to establish injury-in-fact, traceability, or redressability under Article III, and no adjudication of these threshold requirements ever occurred. Accordingly, the court lacked subject matter jurisdiction from the outset, and the foreclosure is void as a matter of law. **(Exhibit G)**

21. The court never held a hearing, never required authentication of the note, and never examined the conflicting documentary evidence submitted by TH MSR and Fairway.

22. The burden of establishing standing is a constitutional prerequisite, and that burden rests solely with the party seeking to invoke the court's jurisdiction. No such party ever claimed standing through specific, sworn evidence that they were injured by Plaintiff's conduct. As such, the court had no authority to proceed beyond threshold review.

23. In response to a lawful subpoena, Fairway produced one version of the "original" note: undated, blank-endorsed, and not assigned to TH MSR Holdings, LLC or any other party for that matter **(Exhibit A)**. TH MSR submitted a conflicting version endorsed by a "Collateral Inventory Control Employee," without a date, identity, or affidavit, and still lacking any endorsement to TH MSR Holdings, LLC or any of the alleged Substitute Trustees **(Exhibit B)**.

24. These versions of the note are materially inconsistent, and neither was authenticated nor shown to be the original, and neither TH MSR Holdings, LLC nor Fairway Independent Mortgage Corporation provided a complete chain of title, proof of consideration, or valid negotiation.

25. Fairway Independent Mortgage Corporation, though not apart of the foreclosing party, produced documents in response to a subpoena that materially contradicted TH MSR's asserted standing. When questioned about the discrepancies and the legal significance of

those documents, Fairway declined to respond—further undermining the legitimacy of the foreclosure. **(Exhibit C)**

26. When Plaintiff issued subpoenas to TH MSR Holdings, LLC and RoundPoint Mortgage Servicing, LLC requesting the full chain of title to the promissory note and any related assignments, both entities promptly moved to quash the subpoenas. Rather than comply with lawful discovery and produce documents supporting their alleged authority to enforce the note, TH MSR Holdings, LLC and RoundPoint Mortgage Servicing LLC instead sought to suppress this critical evidence. The court never compelled compliance, and the foreclosure proceeded without resolution of these material factual deficiencies. **(Exhibit D)**

27. Throughout the proceedings, Defendants TH MSR Holdings, LLC and the Substitute Trustees relied solely on the recorded assignment of the deed of trust—a security instrument that has no independent enforceability apart from the promissory note. As the U.S. Supreme Court held in *Carpenter v. Longan*, 83 U.S. 271 (1872), "the mortgage follows the note," meaning a deed of trust cannot be enforced independently of the note it secures. Accordingly, any attempt to enforce a mortgage without lawful ownership of the note is void. **(Exhibit F)**

28. Moreover, the recorded assignment relied upon by TH MSR Holdings, LLC and the Substitute Trustees reflects only a beneficial interest transfer of the deed of trust—not the underlying note. This bifurcation between the security instrument and the debt instrument renders the foreclosure void under settled law. In Maryland, the note is the operative instrument, and any party seeking foreclosure must demonstrate a clear and complete chain of title to that note. Defendants failed to do so. **(Exhibit F)**

29. Despite these unresolved issues, Plaintiff's home was sold at public auction on **May 29, 2025. (Exhibit H)**

30. Plaintiff expressly denies any default with TH MSR Holdings, LLC or any other named Defendant. Plaintiff has no contractual or legal relationship with TH MSR Holdings, LLC and has never received a verified claim, sworn affidavit, or admissible evidence from any party asserting a legally protected interest or financial injury traceable to her. **(Exhibits A–C, G)**

31. Neither TH MSR Holdings, LLC nor any of the Substitute Trustees has pled or proven injury-in-fact, yet both relied solely on conclusory filings and unauthenticated records in seeking to foreclose.

32. As of the filing of this complaint, Plaintiff is at risk of imminent eviction and permanent loss of her property, based on a process that violated constitutional requirements and lacked any valid judicial authorization. **(Exhibit H)**

---

## V. LEGAL FRAMEWORK

33. Under controlling precedent, the enforceability of a mortgage or deed of trust is inseparable from the enforceability of the underlying promissory note. As the United States Supreme Court held in *Carpenter v. Longan*, 83 U.S. 271 (1872), "the mortgage follows the note." A security instrument—such as a deed of trust—cannot be enforced independently of the note it secures. Thus, no party may lawfully foreclose without lawful possession of the original, enforceable promissory note.

34. Maryland law confirms this requirement. In *Anderson v. Burson*, 424 Md. 232 (2011), the Court of Appeals made clear that the party seeking to foreclose must prove both possession of the note and the right to enforce it at the time of filing. Possession alone is insufficient without also showing authority to enforce.

35. Federal constitutional law goes further. Article III of the U.S. Constitution requires that any party invoking judicial power demonstrate:

- There is an injury-in-fact;
- The injury is fairly traceable to the conduct of the defendant;
- The injury is redressable by a favorable decision.

36. Without these elements, there is no "case or controversy," and the court lacks subject matter jurisdiction. A foreclosure lacking adjudicated standing is therefore void ab initio and unenforceable, no matter how far the process has proceeded.

37. As reiterated in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), "Standing is an essential and unchanging part of the case-or-controversy requirement of Article III." In *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102–104 (1998), the Court clarified that without standing, the court lacks subject matter jurisdiction, and all orders issued are nullities.

38. In *U.S. Bank Nat'l Ass'n v. Ibanez*, 941 N.E.2d 40 (Mass. 2011), the Massachusetts Supreme Judicial Court invalidated a foreclosure sale where the foreclosing party failed to demonstrate ownership of the mortgage at the time of notice and sale. While not binding in this jurisdiction, *Ibanez* strongly supports the principle that foreclosure

requires documented authority and a valid chain of title—requirements that were not met here.

39. Furthermore, standing is not procedural—it is constitutional. It must be adjudicated before any judicial act, including foreclosure. Failure to do so renders all resulting actions—including docket entries, rulings, judgments, and sales—void and without legal effect.

40. Federal Rule of Civil Procedure 17(a) requires that every action be prosecuted in the name of the real party in interest. In a foreclosure context, this means the initiating party must demonstrate actual possession and enforceability of the promissory note, and not rely merely on a recorded deed of trust or assignment. A security instrument without the note confers no enforceable rights.

41. These constitutional requirements are not optional. Yet in practice, they're routinely bypassed through silence, unauthenticated filings, and a refusal to confront standing at the threshold. When courts dismiss jurisdictional motions on technicalities instead of ruling on the actual constitutional defects, that's not adjudication — it's avoidance. And when avoidance leads to the loss of property without lawful jurisdiction, that's not just a due process violation — it's a structural breach of Article III and a denial of justice under color of law.

---

VI. CLAIMS FOR RELIEF

COUNT I – DUE PROCESS VIOLATION
*(42 U.S.C. § 1983 – Fourteenth Amendment)*

42. Plaintiff incorporates by reference all preceding paragraphs as if fully stated herein.

43. Defendants TH MSR Holdings, LLC; the Substitute Trustees Andrew J. Brenner, Howard N. Bierman, Carrie M. Ward, Jacob Geesing, Nicholas Derdock, Philip Shriver, Richard R. Goldsmith, Jr., Elizabeth C. Jones, Eric Vandelinde, and Daniel Dreifuss; and BWW Law Group, LLC, acting under color of state law, deprived Plaintiff of her constitutionally protected property interest without due process of law by executing a foreclosure sale despite lacking Article III standing and without adjudicated subject matter jurisdiction.

44. The Circuit Court for Baltimore City Maryland, through Defendant Hon. Michael A. DiPietro, failed to rule on Plaintiff's dispositive jurisdictional objections for nearly 60

days. Ultimately the Circuit Court for Baltimore City Maryland issued a denial just 45 minutes before the foreclosure sale. The court's prolonged inaction and refusal to adjudicate the threshold issues of standing and jurisdiction enabled an unlawful foreclosure to proceed in the absence of a valid case or controversy, resulting in the unconstitutional deprivation of Plaintiff's home.

45. Once jurisdictional defects were raised, it was the court's non-delegable duty to determine whether the foreclosing party satisfied the threshold requirements of standing and real-party-in-interest status. That obligation was not fulfilled. No hearing was held, no authentication of the note was required, and the Plaintiff's challenge was not adjudicated.

46. Accordingly, Plaintiff seeks declaratory and injunctive relief under 42 U.S.C. § 1983 for violations of her rights under the Fourteenth Amendment. Relief is sought against Defendant Judge DiPietro solely in his official capacity for prospective relief. No monetary damages are sought against the judge.

---

## COUNT II – DECLARATORY JUDGMENT
*(28 U.S.C. §§ 2201–2202)*

47. Plaintiff incorporates by reference all preceding paragraphs as if fully stated herein.
48. Pursuant to the Declaratory Judgment Act, Plaintiff respectfully requests that this Court enter a judgment declaring the following:
- Defendant TH MSR Holdings, LLC, along with its appointed Substitute Trustees, lacked standing to initiate or enforce foreclosure against Plaintiff's property, as neither demonstrated lawful possession, negotiation, or assignment of the underlying promissory note, nor offered any admissible evidence of injury-in-fact or real-party-in-interest status.
- The foreclosure sale conducted on May 29, 2025, is constitutionally void and unenforceable, as it occurred without a valid adjudication of subject matter jurisdiction, in violation of Article III and Plaintiff's due process rights under the Fourteenth Amendment;
- Any subsequent eviction, conveyance of title, or enforcement action arising from the May 29, 2025 foreclosure sale constitutes a continuing constitutional violation and must be enjoined as null, void, and without legal effect.

---

## COUNT III – INJUNCTIVE RELIEF

*(Equity Jurisdiction)*

49. Plaintiff incorporates by reference all preceding paragraphs as if fully stated herein.
50. Plaintiff seeks preliminary and permanent injunctive relief to prevent ongoing and irreparable harm resulting from a constitutionally defective foreclosure.
51. Specifically, Plaintiff requests that this Court:

- Enjoin all enforcement actions arising from or related to the May 29, 2025 foreclosure sale, including any eviction proceedings, conveyances, or transfer of title;
- Prohibit any further attempts to deprive Plaintiff of her home or cloud title based on the void foreclosure;
- Compel Defendants, including TH MSR Holdings, LLC and its Substitute Trustees, to produce the original, authenticated promissory note and a complete, verified chain of title, including all endorsements, assignments, and evidence of lawful negotiation or delivery necessary to establish standing.

Absent this relief, Plaintiff faces continued deprivation of her home and constitutional rights without any valid adjudication of jurisdiction, standing, or lawful authority.

---

## COUNT IV – CONSTITUTIONAL DEFECT – VOID SALE  (Equitable Claim)

52. Plaintiff incorporates by reference all preceding paragraphs as if fully stated herein.
53. Plaintiff asserts that the foreclosure sale conducted on May 29, 2025, is void ab initio because it was executed in the complete absence of a constitutionally required case or controversy, as mandated by Article III of the U.S. Constitution. At no time did any Defendant from the foreclosing party establish standing, demonstrate lawful possession or negotiation of the promissory note, or offer admissible evidence of injury-in-fact sufficient to invoke judicial authority.
54. Accordingly, the sale is not simply procedurally defective or voidable—it is legally null and without force or effect. Any subsequent eviction, conveyance, or enforcement action derived from that sale is unconstitutional and must be declared void as a matter of law.

VII. Jurisdictional Overview: Article III Standing and the Absence of a Case or Controversy

55. The following summary is provided to assist the Court in recognizing the non-negotiable jurisdictional defects that infected the state foreclosure and justify federal review
56. To invoke the judicial power under Article III of the U.S. Constitution, a party must demonstrate:

- An injury-in-fact;
- That the injury is fairly traceable to the challenged conduct;

- That a favorable decision will likely redress the harm.

57. These are mandatory jurisdictional requirements. A party lacking Article III standing cannot invoke the judicial power of the United States, and any action taken without such standing is void ab initio.

58. Although Plaintiff's initial challenge in state court proceeded under Maryland Rule 14-211, it raised the same fatal jurisdictional defects that would warrant dismissal under Federal Rule of Civil Procedure 12(b)(1): lack of standing, absence of injury-in-fact, and failure to identify a real party in interest.

59. Defendants TH MSR Holdings, LLC and the Substitute Trustees presented no authenticated promissory note, no verified chain of title, and no admissible evidence of value given or harm suffered. As a result, the foreclosure proceeded without satisfying either Maryland's evidentiary standards or Article III's jurisdictional threshold.

60. This Court has original jurisdiction under **42 U.S.C. § 1983** and **28 U.S.C. § 1331** to address constitutional violations committed under color of state law. The doctrine of abstention under *Younger v. Harris*, 401 U.S. 37 (1971), **does not apply**, because:
    - The state foreclosure proceeding has concluded;
    - The state court never adjudicated Plaintiff's federal constitutional claims;
    - The harm is complete and ongoing, and remains redressable through declaratory and injunctive relief.

61. This action does not seek appellate review of a state decision, but rather asserts that a foreclosure sale proceeded without adjudicated jurisdiction or standing—rendering the entire process void. Where no court has resolved the constitutional issues, federal jurisdiction is not only proper but essential to restore due process.

---

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. **Declare** that the foreclosure sale conducted on May 29, 2025, is void ab initio and constitutionally defective due to the absence of Article III standing, adjudicated subject matter jurisdiction, and compliance with due process;

B. **Issue** a preliminary and permanent injunction enjoining all Defendants from enforcing any action based on the May 29, 2025 foreclosure sale, including eviction, transfer of title, or any

related enforcement, unless and until constitutional standing and jurisdiction are demonstrated through admissible evidence;

C. **Require** Defendants TH MSR Holdings, LLC and the Substitute Trustees to produce the original, authenticated promissory note and a complete, verified chain of title showing lawful negotiation and delivery, including all endorsements and assignments;

D. **Declare** that no Defendant has presented admissible evidence of real-party-in-interest status, injury-in-fact, or traceable harm necessary to satisfy the constitutional threshold for foreclosure under federal or state law;

E. **Award** declaratory and injunctive relief under 42 U.S.C. § 1983 against all non-immune private actors for violations committed under color of state law;

F. Grant such other and further equitable relief as the Court deems just and proper.

G. Plaintiff reserves the right to amend this Complaint as justice and the interests of due process may require.

"A case without standing is not a bad case—it is no case at all."

## IX. SUPPORTING EXHIBITS

Plaintiff attaches the following documents in support of the factual allegations and constitutional claims asserted in this Complaint:

- **Exhibit A** – Copy of the Promissory Note produced by Fairway Independent Mortgage Corporation in response to subpoena (undated, blank-endorsed, not assigned to TH MSR Holdings, LLC; no evidence of negotiation or transfer).

- **Exhibit B** – Conflicting version of the Promissory Note submitted by TH MSR Holdings, LLC (endorsed by unidentified "Collateral Inventory Control" employee; lacks authentication and shows no assignment to TH MSR Holdings, LLC).

- **Exhibit C** – Subpoena issued to Fairway Independent Mortgage Corporation and TH MSR Holdings, LLC, requesting the complete chain of title, the original promissory note, and all supporting documentation. A Certificate of Service is included. Fairway provided a response; TH MSR Holdings, LLC did not. Additionally, Plaintiff submitted a written inquiry to Fairway, which remains unanswered.

- **Exhibit D** – Motion to Quash Subpoena filed by TH MSR Holdings, LLC and RoundPoint Mortgage Servicing, LLC, and the state court's order granting the motion.

- **Exhibit E** – Order issued by the Circuit Court on May 29, 2025, denying Plaintiff's Emergency Motion to Dismiss for Lack of Standing and Subject Matter Jurisdiction (issued approximately 45 minutes before the foreclosure sale commenced).

- **Exhibit F** – Appointment of Substitute Trustees and recorded Assignment of Deed of Trust (shows no assignment or lawful transfer of the promissory note; security instrument only).

- **Exhibit G** – Affidavit submitted by a TH MSR Holdings, LLC employee identifying Fannie Mae—not TH MSR—as the alleged owner of the loan, further contradicting TH MSR's claimed standing.
- **Exhibit H** – Foreclosure auction confirmation, evidencing that the sale was executed despite facially unresolved jurisdictional and constitutional defects.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 2, 2025.

Nadia Brown-Hyatt
**Pro Se Plaintiff**
3707 Liberty Heights Avenue
Baltimore, MD 21215
Email: twahjah@gmail.com
Phone: (202) 412-1739
**Date: June 2, 2025**