IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| NADIA BROWN-HYATT | * |
| Plaintiff, | * |
|  | * Civil Case No.: SAG-25-1737 |
| v. | * |
| ANDREW BRENNER, *et al.* | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Nadia Brown-Hyatt ("Plaintiff") brings this action, based on a foreclosure in state court, against several parties involved in that foreclosure. ECF 1. Specifically, she has sued Andrew J. Brenner, Carrie M. Ward, Howard N. Bierman, Jacob Geesing, Elizabeth C. Jones, Eric Vandelinde, Philip Shriver, Daniel Dreifuss, Richard R. Goldsmith, Jr., and Nicholas Derdock (collectively the "Substitute Trustees"); BWW Law Group, LLC; TH MSR Holdings, LLC; Baltimore City Circuit Court Judge Michael A. DiPietro; and Fairway Independent Mortgage Corporation. *Id.* Plaintiff has filed two motions for leave to amend her complaint. ECF 14, 15. Fairway has filed a motion to dismiss. ECF 9. Judge DiPietro has filed a motion to dismiss, ECF 10, which Plaintiff opposed, ECF 17. Plaintiff then filed a motion for default against all of the other Defendants. ECF 13. Those other Defendants then jointly filed a motion to dismiss, ECF 18, which Plaintiff moved to strike, ECF 22. Plaintiff has also filed a motion for a temporary restraining order. ECF 16. This Court has reviewed the filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons explained below, all of Plaintiff's motions will be denied, and all of Defendants' motions will be granted.

I.  **BACKGROUND**

The following facts are derived from Plaintiff's complaint, ECF 1, and second motion for leave to amend, ECF 15, and are assumed to be true at this stage of the litigation. In February, 2025, TH MSR initiated a foreclosure on Plaintiff's home located at 3707 Liberty Heights Avenue in Baltimore, Maryland. ECF 1 at ¶¶ 15, 29. The action was brought through the Substitute Trustees in Baltimore City Circuit Court, and BWW served as legal counsel to TH MSR and the Substitute Trustees during the foreclosure proceedings. *Id.* at ¶¶ 13, 15. Plaintiff raised objections to the foreclosure. *Id.* at ¶ 16. Specifically, she argued that the parties bringing the action lacked Article III standing, such that the court lacked subject matter jurisdiction. *Id.* at ¶¶ 16, 18. The court overruled her objections, however, and proceeded in May to a foreclosure auction at which the property was sold. *Id.* at ¶¶ 16–17, 29. On September 8, 2025, Judge Jeffrey Michael Geller of the Baltimore City Circuit Court overruled exceptions Plaintiff had made to the sale and entered an order ratifying the sale. ECF 15 at 2. Fairway was not a party to the foreclosure but was the original named lender on the promissory note and deed of trust. ECF 1 at ¶ 12. TH MSR now purports to hold a beneficiary interest in the deed of trust. *Id.* at ¶ 11.

The following procedural facts are derived from the parties' motions and appear to be undisputed. On June 2, Plaintiff filed this lawsuit, and Defendants were served in late July. ECF 13 at 1–2. Fairway and Judge DiPietro each filed timely motions to dismiss, ECF 9, 10, but each of the other Defendants failed to timely respond to Plaintiff's complaint. *See* ECF 13 at 1–2.

Plaintiff's complaint contains four claims for relief. Count I raises a Due Process claim pursuant to 42 U.S.C. § 1983 against the Substitute Trustees, TH MSR, BBW, and Judge DiPietro in his official capacity, and seeks declaratory and injunctive relief. ECF 1 at ¶¶ 42–46. Count II seeks a declaratory judgment that the foreclosure is unenforceable. *Id.* at ¶¶ 47–48. Count III seeks

2

to enjoin any enforcement of the foreclosure. *Id.* at ¶¶ 49–51. And Count IV raises an equitable claim to void the foreclosure sale. *Id.* at ¶¶ 52–61.

## II. LEGAL STANDARDS

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendant with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). But if a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555.

Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give leave when justice so requires." *Id.* The Fourth Circuit's policy is "to liberally allow amendment."

3

*Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Accordingly, leave to amend should be denied only if "prejudice, bad faith, or futility" is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509–10 (4th Cir. 1986). Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

As the Fourth Circuit has stated, a proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510; *see also* 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1487 (3d. ed. 2010) ("[A] proposed amendment that clearly is frivolous, advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading, should be denied." (footnotes omitted)).

This review for futility "does not involve an evaluation of the underlying merits of the case." *Kolb v. ACRA Control, Ltd.*, 21 F. Supp. 3d 515, 522 (D. Md. 2014) (quoting *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013). If an amended complaint could not survive a Rule 12(b)(6) motion, however, then leave to amend would be futile. *See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Thus, it may be within the trial court's discretion to deny leave to amend when it is clear that a claim cannot withstand a Rule 12(b)(6) motion. *See, e.g.*, *Perkins v. United States*, 55 F.3d 910, 916–17 (4th Cir. 1995) (affirming the trial court's denial of leave to amend after the trial court dismissed the complaint under Rule 12(b)(6) based on the United States' sovereign immunity because the proposed amendments would have also been dismissed under Rule 12(b)(6) on sovereign immunity grounds).

### III. DISCUSSION

A. Plaintiff's Motions for Default and to Strike

4

Plaintiff has requested that this Court enter a default judgment against all Defendants except Fairway and Judge DiPietro and similarly requests that this Court strike the motion to dismiss filed by the remaining Defendants because of their default. Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A party may then apply to the court for a default judgment. Fed. R. Civ. P. 55(b)(2). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). This Court concludes that entering default judgments would be inappropriate under these circumstances. The Clerk has not entered a default against any party, and all parties have now entered their appearances and filed motions defending against Plaintiff's action. *Allen v. United States*, Civ. No. MJM-24-2653, 2025 WL 2781529, at *2 (D. Md. Sept. 30, 2025) (denying motion for default judgment when no default had been entered and defendant had demonstrated intention to defend by filing motion to dismiss). Accordingly, this Court will deny Plaintiff's motion for default and motion to strike.

B. Plaintiff's Motion for Leave to Amend

Plaintiff has filed two motions for leave to amend the complaint. The Court notes that neither motion complied with Local Rules 103.6 (a) and (c), which require that a party seeking leave to file an amended complaint docket an original copy of the proposed amended complaint, along with a redlined copy showing the changes from the original version. Because Plaintiff is a pro se litigant whose filings are entitled to liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court will consider the allegations in the motions for leave to amend as if they were

the allegations that she would have made in a proposed amended complaint. *See Robinson v. City of Hagerstown*, Civ. No. SAG-20-0686, 2020 WL 4207573 (D. Md. July 22, 2020) (considering allegations made by pro se litigant in motion for leave to amend that did not comply with Local Rules 103.6 (a) and (c)).

Plaintiff's first motion for leave to amend, ECF 14, seeks to add new factual allegations and legal claims against Defendant Fairway. The particular claims that Plaintiff seeks to add are difficult to discern, but it appears that Plaintiff alleges several constitutional violations pursuant to § 1983 as well as several claims based on state contract or property law. *See id.* at 6. Any constitutional claims are insufficient on their face because § 1983 provides a cause of action to a plaintiff who has been deprived of their constitutional rights by a person acting under color of state law. Fairway is a private entity, and Plaintiff has pled no allegations that Fairway acted at any pertinent time under color of state law. *See Sikes v. Ward*, Civ. No. TDC-16-4108, 2017 WL 6055686, at *3 (D. Md. Dec. 6, 2017) (dismissing § 1983 claim against private party involved in foreclosure because they had not acted under color of state law). As for the contract and property claims, these claims are based on state law and have no independent basis for federal jurisdiction. Because this Court, for the reasons explained below, will dismiss all of Plaintiff's federal claims, this Court would not exercise its discretion to hear these claims pursuant to supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). Accordingly, amending the complaint as to Defendant Fairway would be futile.

Plaintiff's second motion for leave to amend, ECF 15, proposes to file a claim against Judge Geller in his individual capacity based on his ratification of the foreclosure sale. This amendment would also prove futile because Judge Geller is entitled to judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226–27 (1988) ("If judges were personally liable for erroneous

6

decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits."). Plaintiff's proposed claim against Judge Geller is premised on his judicial decision. ECF 15 at 5. The doctrine of judicial immunity therefore shields him from Plaintiff's proposed claim against him in his individual capacity. *See Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (per curiam). Judicial immunity is an absolute immunity; it does not merely protect a defendant from assessment of damages but also protects a judge from damages suits entirely. *Id.* at 11. An act is still judicial, and immunity still applies, even if the judge commits "grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Moreover, "judges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction" and "are alleged to have been done maliciously or corruptly." *Id.* at 355–56; *see Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly).

The bar of absolute judicial immunity may be overcome in just two limited sets of circumstances: (1) "for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity"; and (2) "for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12 (citing *Stump*, 435 U.S. at 356–57, 360). A judge acts in a judicial capacity when the function is one "normally performed by a judge" and when the parties "dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. The "relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.'" *Mireles*, 502 U.S. at 13 (quoting *Stump*, 435 U.S. at 362).

Courts thus look to an "act's relation to a general function normally performed by a judge" to determine whether the act was judicial. *Id.* Here, Plaintiff's claim against Judge Geller stem

from actions taken by him during litigation involving Plaintiff, which is precisely the type of judicial action covered by judicial immunity. Plaintiff has offered no grounds to defeat the judicial immunity that applies to Judge Geller's determinations made in Plaintiff's case.

C. Judge DiPietro's Motion to Dismiss

Judge DiPietro has filed a motion to dismiss on several grounds, including judicial immunity. The Eleventh Amendment bars federal courts from granting declaratory relief against state officials for violating federal law. *Green v. Mansour*, 474 U.S. 64, 65–66 (1985). Furthermore, § 1983 itself states that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Plaintiff has not demonstrated that either exception applies. Thus, Plaintiff may not seek declaratory or injunctive relief against Judge DiPietro in his official capacity, and this Court will grant his motion to dismiss.

D. Fairway's Motion to Dismiss

Fairway has also filed a motion to dismiss, contending that the complaint raises no claims against it. This Court agrees. Count I specifically names every Defendant other than Fairway, and the remaining Counts seek to limit the enforceability of the foreclosure, an action to which Fairway was not a party. Indeed, as discussed above, Plaintiff sought leave to amend the complaint to add claims against Fairway. Because the complaint failed to raise any claims against Fairway, Fairway's motion to dismiss will be granted.

E. Remaining Defendants' Motion to Dismiss

The remaining Defendants have moved to dismiss the claims against them on several grounds, including *res judicata*. *Res judicata*, also known as claim preclusion, is a legal doctrine that promotes judicial efficiency and the finality of decisions. *In re Microsoft Corp Antitrust*

*Litigation*, 335 F.3d 322, 325 (4th Cir. 2004). Courts apply the *res judicata* law of the state in which the prior judgment was entered. *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 463, 485 (1982). Accordingly, Maryland *res judicata* law applies here. In Maryland, *res judicata* applies when (1) the parties in the second action are the same as or in privity with the parties in the first action, (2) the second action presents the same claims as the first, and (3) there was a valid final judgment on the merits by a court of competent jurisdiction in the first action. *deLeon v. Slear*, 328 Md. 569, 580 (1992).

Each of the three elements is met here. First, the parties in this suit are the same as or in privity with the parties to the foreclosure. Privity requires that parties are so identified in interest that they represent the same legal right. *FWB Bank v. Richman*, 354 MD. 472, 498 (1999). The Substitute Trustees and Plaintiff were parties to the Foreclosure, and BWW and TH MSR are in privity with the Substitute Trustees as the Trustees' counsel and the beneficiary of the Deed of Trust, respectively. *See Anyanwutaku v. Fleet Mortg. Grp., Inc.*, 85 F.Supp.2d 566, 568, 571 (D. Md. 2000) (concluding that trustees' counsel and assignor of security interest in property were in privity with the trustees for the purposes of *res judicata*).

To determine whether the second element is met, Maryland courts consider whether the claims in each action arise out of the same transaction. *deLeon*, 328 Md. at 589. Here, Plaintiff's present claims arise out of the same transaction, the foreclosure, as those in the first action and concern the same issue, whether that foreclosure was valid.

Finally, a final order ratifying the sale constitutes a final judgment on the merits for *res judicata* purposes. *Manigan v. Burson*, 160 Md. App. 114, 120 (2004). Thus, the entry of the final order ratifying the sale by Judge Geller constituted a final judgment on the merits here. Plaintiff's contention that Defendants lacked Article III standing to bring the foreclosure action, and the

Circuit Court therefore lacked jurisdiction to ratify the foreclosure sale, does not defeat *res judicata* because Article III does not apply in state courts. *See* U.S. Const. art III; *see also McKenzie v. M&T Bank*, Case No.: GJH-17-3225, 2018 WL 4384164, at *3 (D. Md. Sept. 14, 2018) (rejecting similar argument).

Because all three elements are met, *res judicata* bars Plaintiff from relitigating the foreclosure in this Court. Indeed, courts in this District have repeatedly concluded that *res judicata* bars relitigation in federal court of claims arising out of an allegedly erroneous foreclosure in Maryland state court. *See, e.g.*, *Anyanwutaku*, 85 F.Supp.2d at 570–72; *Quarles v. Wells Fargo Bank, N.A.*, Case No.: GJH-20-3200, 2022 WL 3290722, at *5–6 (D. Md. Aug. 11, 2022); *McKenzie*, 2018 WL 4384164, at *3–4; *Pham v. Moynihan*, Case No.: GJH-17-2342, 2018 WL 2013056, at *2 (D. Md. Apr. 27, 2018); *Madukwe v. Cap. One Fin. Corp.*, Case No.: GJH-16-767, 2017 WL 1133276, at *5–7 (D. Md. Mar. 24, 2017); *McGhee v. JP Morgan Chase Bank, N.A.*, Civ. No. DKC-12–3072, 2013 WL 4495797, at *4–6 (D. Md. Aug. 20, 2013); *McMillan v. Bierman*, Geesing, Ward & Wood LLC, Civ. No. WMN–11–2048, 2012 WL 425823, at *3–5 (D. Md. Feb. 8, 2012). Accordingly, this Court will grant the motion to dismiss.

F. Plaintiff's Motion for Temporary Restraining Order

Finally, Plaintiff has moved for a temporary restraining order to enjoin the enforcement of the order ratifying the sale. Because this Court has dismissed all of Plaintiff's claims, however, her motion for a temporary restraining order must be denied as moot.

IV. CONCLUSION

For the reasons stated above, Plaintiff's motions for leave to amend, ECF 14, 15, are denied. Plaintiff's motion for default, ECF 13, is denied. Plaintiff's motion to strike, ECF 22, is denied. Defendants' motions to dismiss, ECF 9, 10, 18, are granted, and Plaintiff's claims are

dismissed without prejudice. Plaintiff's motion for a temporary restraining order, ECF 16, is denied as moot. A separate Order follows.


Dated: October 8, 2025                              /s/
                                          Stephanie A. Gallagher
                                          United States District Judge